**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Cooper & Elliot,**

    **Plaintiff,**

    v.                                          **Case No. 2:14–cv–505**

**The Estate of**                            **Judge Algenon L. Marbley**
**Stephen C. Popovich,**

    **Defendant.**

**OPINION AND ORDER**

Plaintiff law firm Cooper and Elliot, LLC ("Cooper & Elliot"), bring this diversity action against Defendant the Estate of Stephen C. Popovich ("Estate"), seeking a declaratory judgment that it is entitled to receive 33 1/3 percent of the entire amount paid by Sony Music Entertainment ("Sony") in the November 2012 settlement and that Cooper & Elliot's representation of the Estate in connection with the settlement complied with all applicable standards of care.  The Estate moves to dismiss on the ground that this lawsuit is an anticipatory filing in an attempt to forum shop, the Court should decline to exercise jurisdiction over this declaratory judgment action or, in the alternative, transfer this action to the United States District Court for the Northern District of Ohio, where the Estate filed a lawsuit against Cooper & Elliot shortly after Cooper & Elliot filed the instant case. For the following reasons, the Court **GRANTS** the Estate's motion to dismiss.

## I.  BACKGROUND

This action arises from Cooper & Elliot's representation of the Estate in disputes with Sony concerning royalties Sony owed to the decedent's company, Cleveland Entertainment Company ("CEC").  The Estate settled its remaining lawsuit against Sony in the Fall of 2012.  The settlement had two components:
(1) Sony's payment of unpaid royalties to the Estate, and (2) Sony's purchase of, *inter alia*, the Estate's interest in future royalty and logo rights as well as interests in certain music.

The nub of the parties' dispute is this: the Estate asserts Cooper & Elliot was entitled to, at most, it's 33 and 1/3% contingency fee only from the amount of settlement proceeds attributable to the first component, unpaid royalties.  Cooper & Elliot, on the other hand, maintains that it is entitled to 33 and 1/3 percent of  the total amount of the settlement proceeds, i.e., the sum of both components.

A Tennessee state probate court has jurisdiction over the Estate.  On May 13, 2014, the Estate filed a motion in the probate action seeking the court's permission to pursue a potential claim against Cooper & Elliot.  The motion raised questions about whether Cooper & Elliot's contingency fee should have been calculated on the basis of the gross settlement or a lesser amount.  In addition, the motion indicated that if the contingency fee should have been calculated on a lesser amount, the administrator of the Estate might have a duty to bring a malpractice or breach of contract claim against

Cooper & Elliot.

Cooper & Elliot denies that it breached its contract with the Estate or committed malpractice. It avers that the October 2011 contingency fee agreement with the Estate provided that it would receive 33 and 1/3 percent of the entire amount paid by Sony.

No later than May 22, 2014, Cooper & Elliot was aware of the Tennessee probate court's intent to authorize the Estate to engage counsel to seek recourse against Cooper & Elliot, as evidenced by an affidavit Cooper & Elliot filed in a New York state court action against CEC. The affidavit refers to irreconcilable differences between the Estate and Cooper & Elliot in the Tennessee probate case. Rex H. Elliot Aff. ¶ 2 (copy), ECF No. 4-2. Elliot indicated that the dispute concerned the settlement and stated that the Estate had taken adversarial action against Cooper & Elliot in the probate matter. *Id*. It is undisputed that on May 27, 2014, the Tennessee probate court authorized the Estate to retain counsel and pursue legal action against Cooper & Elliot.

Two days later, on May 29, 2014, Cooper & Elliot filed the instant declaratory judgment action in this Court. The Estate filed its own coercive lawsuit against Cooper & Elliot in the United State District Court for the Northern District of Ohio on June 10, 2014. *Estate of Stephen C. Popovich v. Rex Elliot, et al.*, Case No. 1:14–cv–1254. The Estate now asks this Court to dismiss the instant lawsuit as an improper anticipatory action or decline to exercise jurisdiction over this declaratory judgment action. In the alternative, the Estate requests that the Court transfer this case to the Northern District of Ohio.

## II. DISCUSSION

The Estate argues that the Court should dismiss this lawsuit on the ground that Cooper & Elliot filed it in anticipation that the Estate would soon file its own action against Cooper & Elliot. In that regard, the Estate contends that the first-to-file rule does not apply because the filing of this lawsuit was anticipatory. Cooper & Elliot assert that the first-to-file rule applies, and the Court should therefore decline to dismiss the instant case.

> The first-to-file rule, . . . is a "well-established doctrine that encourages comity among federal courts of equal rank." *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n. 8 (6th Cir. 2004) (quoting *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (unpublished)) (emphasis altered). "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Zide Sport Shop*, 16 F. App'x at 437 (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)) (emphasis added). However, "the first-filed rule is not a strict rule and much more often than not gives way in the context of a coercive action filed subsequent to a declaratory judgment." *AmSouth Bank*, 386 F.3d at 791 n. 8. As we have previously explained:
>
>> District courts have the discretion to dispense with the first-to-file rule where equity so demands. A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing. Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping.
>
> *Zide Sport Shop*, 16 F. App'x at 437 (internal citations omitted) (emphasis added). "Cases construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create, in practical effect, a presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit." *AmSouth Bank*, 386 F.3d at 791 n. 8 (quoting *UAW v. Dana Corp.*, No. 3:99CV7603, 1999

WL 33237054, at *6 (N.D. Ohio Dec.6, 1999)).

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 758–59 (6th Cir. 2007).

Here, the instant lawsuit is one for declaratory judgement.  Consequently, under *Certified Restoration*, a presumption exists that this case should be dismissed in favor of the substantive lawsuit that the Estate filed in the Northern District of Ohio.  The Court concludes that Cooper & Elliot have not rebutted that presumption.

The circumstances surrounding Cooper & Elliot's filing of the instant complaint strongly suggest that the filing was preemptive.  Specifically, the sequence and timing of events indicate that Cooper & Elliot was well aware of an impending substantive action against it by the Estate and filed this anticipatory suit in the more convenient forum.

First, the Tennessee probate court ordered Cooper & Elliot to deposit the disputed fees with the probate court.  Cooper & Elliot declined to do so.  In addition, Cooper & Elliot filed an affidavit in an action pending in a New York state court in support of a motion to withdraw as counsel for the Estate, indicating that irreconcilable differences had arisen between it and the Estate in the probate case concerning Cooper & Elliot's representation of the Estate in the settlement.  Rex H. Elliot Aff. ¶ 2 (copy), ECF No. 4-2.

Next, on May 27, 2014, the Tennessee Probate Court authorized the Estate to retain legal counsel to investigate the claims the Estate has against Cooper & Elliott and to commence a civil lawsuit to recover any damages the Estate suffered as a result of

Cooper & Elliott's legal representation. Cooper and Elliot then filed the instant declaratory judgment action in this Court on May 29, 2014, only two days after the Tennessee probate court granted the Estate leave to proceed against Cooper & Elliot.

Notably, Cooper & Elliot filed the instant lawsuit only one week after the filing of the affidavit in the New York case and only two days after the probate court gave its authorization for the Estate to sue Cooper & Elliot. The timing of these events strongly suggests that the present lawsuit was anticipatory in nature. Add to that, a presumption already exists that the Court should dismiss this action because it is one for declaratory judgment and the second lawsuit is substantive. *See Certified Restoration*, 511 F.3d at 759. Given the circumstances surrounding the filing of the present matter, and the presumption, the Court declines to apply the first-to-file rule in favor of Cooper & Elliot and will instead defer to the United States District Court for the Northern District of Ohio.

Cooper & Elliot attempt to avoid this conclusion by arguing that when a declaratory judgment action is filed first in a venue closely related to the underlying dispute, the first-to-file rule applies notwithstanding facts suggesting the lawsuit was anticipatory in nature. In support of that assertion, Cooper & Elliot distinguish the instant case from one cited by the Estate, *Int'l Union, UAW v. Dana Corp.*, No. 3:99–cv–7603, 1999 WL 33237054, at *2–5 (N.D. Ohio Dec. 3, 1999). First, distinguishing one district court decision upon which the Estate relies does not equate to affirmative authority that the first-to-file rule applies whenever venue is proper notwithstanding that the first lawsuit is a preemptive declaratory judgment action. Second, as the Estate correctly

notes, the court in *Int'l Union* did not rest its decision on the fact that the first lawsuit was filed in a forum with little connection to the parties' dispute. *See id.*, 1999 WL 33237054, at *5. Indeed, the court merely rejected an argument that the first filing party raided. *See id.* The court gave no indication that the result would have been different if venue had been proper in the first lawsuit. *See id.*

In short, the fact that venue might be proper in this Court does not excuse the fact that it was filed preemptively. Consequently, the passing reference to the location of witnesses and documents in *Int'l Union* does not alter this Court's conclusion that the first-to-file rule does not apply.

Having reached this conclusion, there is no need for the Court to address the Estate's other ground for dismissal or its alternative motion to transfer venue. This Court makes clear that this decision has no bearing on the final determination of the proper venue for the underlying claims in both Cooper & Elliot and the Estate's claims. If Cooper & Elliot have grounds to argue for transfer of venue to the Southern District in the case the Estate brought in the Northern District, they are free to argue for transfer in that case.

### III. DISPOSITION

For the above reasons, the Court **GRANTS** the Estate's motion to dismiss or transfer. ECF. No. 4. The Court **DISMISSES** this case **WITHOUT PREJUDICE.**

The Clerk shall enter final judgment in favor of Defendant, and against Plaintiff, dismissing this case without prejudice.

The Clerk shall remove ECF No. 4 from the Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

                                                   /s/ Algenon L. Marbley
                                             **ALGENON L. MARBLEY**
                                             **UNITED STATES DISTRICT JUDGE**

**DATED: June 18, 2015**